THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EVA SAVAGE, Defendant-Appellant.
Fourth District   No. 4—89—0694

Opinion filed May 24, 1990.

Asher O. Geisler, of Geisler Law Offices, of Decatur, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle,
Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appel-
late Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:
After a jury trial, defendant was convicted of unlawfully pos-

sessing a controlled substance (cocaine). (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(a)(2).) She appeals, arguing the trial court erred in not vacating the jury verdict as it was contrary to the manifest weight of the evidence. Defendant also argues the trial court erred in failing to grant her a mistrial when the State introduced a photograph which was not provided in pretrial discovery.

We affirm.

On June 16, 1988, Decatur police officers Jerry Wagoner and Edgar Combs arrested defendant in a parking lot near her home. Wagoner made the initial stop of defendant's vehicle. Combs parked his squad car in a fashion which blocked defendant's vehicle. Wagoner and Combs stated that after defendant exited her car, she ran. They caught her, a struggle ensued, and they handcuffed her hands behind her back. Combs stated defendant was wearing light blue shorts and a top. Both officers stated that they did not frisk or search defendant prior to placing her in Combs' squad car.

Combs stated that prior to the arrest, he had searched the squad car to determine whether any weapons or drugs were in it. He found none. Wagoner and Combs placed defendant in the rear, driver's side compartment. As Combs stood outside the car watching her, he observed defendant pull cellophane baggies out of her left front pocket. She dropped them onto the floor of the squad car and attempted to kick them under the driver's side front seat. Combs retrieved the baggies and gave them to Wagoner.

Combs stated six to eight people had gathered near the lot. However, none approached closer than 20 feet prior to defendant's being placed in the car.

A forensic scientist testified the packets obtained from the squad car weighed 18.3 grams and contained cocaine.

Jeanette Taylor, defendant's sister-in-law, testified she observed the arrest. She saw Wagoner frisking defendant as Combs arrived. The officers threw defendant against an air-conditioning unit and cuffed her. Taylor stated she approached within five to six feet of the squad car. She could see inside the vehicle and noticed a plastic packet containing a white substance on the floor of the vehicle.

Joseph McGee, defendant's nephew, also observed the arrest. He saw the officers search defendant prior to placing her in the vehicle. McGee testified he was three to four feet from the squad car. He observed a white plastic bag in the squad car prior to the time the officers placed defendant in it. McGee admitted he had discussed the incident with defendant, but stated they did not discuss his testimony.

Defendant testified the police searched her prior to placing her in the squad car. She denied removing a plastic package from her pocket and throwing it to the floor of the vehicle. Defendant identified a turquoise pair of shorts as the ones she wore on June 16, 1988. The turquoise shorts did not have a left front pocket.

Combs testified in rebuttal. He stated defendant was not wearing the turquoise shorts on June 16, 1988. During cross-examination of Combs, he admitted his police report described the shorts as blue but did not specify the shade or further describe them. Defense counsel then asked Combs whether he or anyone else had photographed the shorts. Combs responded that the shorts had not been photographed, but a photograph of defendant had been taken. Combs believed the photograph might depict the corner of defendant's shorts. Defense counsel asked where the photograph was located. Combs stated the records bureau had the photograph, and though he did not have access to the records bureau, he could request the photograph.

On redirect examination, the State offered the booking photograph. It depicted a corner portion of defendant's shorts, showing they were light blue in color.

Initially, defendant argues the court erred in failing to vacate the jury's verdict as it was contrary to the manifest weight of the evidence. In a criminal case, the reasonable doubt standard applies, and we address the issue in light of that standard.

■■ A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the accused's guilt. (*People v. Byron* (1987), 116 Ill. 2d 81, 506 N.E.2d 1247.) In assessing the sufficiency of the evidence, the reviewing court should affirm if, after viewing the evidence in a light most favorable to the prosecution, it determines any rational trier of fact could have found the elements of the offense proved beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *Byron*, 116 Ill. 2d at 90, 506 N.E.2d at 1250; *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

■■ The reviewing court should not reweigh credibility determinations. (*Collins*, 106 Ill. 2d 237, 478 N.E.2d 267.) In the instant case, the jury resolved the credibility question. The evidence viewed most favorably to the prosecution established defendant's guilt beyond a reasonable doubt.

Defendant next argues the trial court erred in denying her motion for a mistrial. The court entered a pretrial discovery order on

July 14, 1988. The State answered on July 14, 1988, and provided two supplemental answers to the discovery order. The booking photograph was not tendered to the defendant. Defendant now argues the photograph was "obtained from or belonged to the accused," and the prosecutor should have anticipated her defense. Therefore, defendant maintains the prosecutor should have been held to have intended to use the photograph at trial. Defendant argues she was prejudiced by the State's failure to tender the photograph in discovery.

Supreme Court Rule 412(a)(v) states that upon proper request, the State shall disclose to defense counsel

"any *** photographs *** which the prosecuting attorney intends to use in the hearing or trial or which were obtained from or belong to the accused." 107 Ill. 2d R. 412(a)(v).

█ Supreme Court Rule 412(a)(v) was not violated. First, the *photograph* was not obtained from and did not belong to the accused. Second, the record is clear the State did not intend to use the photograph in trial. The State did not introduce the photograph as a part of its case in chief, nor in its direct examination of Combs in rebuttal. Defense counsel first elicited the testimony concerning the photograph during cross-examination of Combs after Combs' *rebuttal* testimony. Defense counsel asked Combs several questions concerning the photograph and its location. The State produced the photograph during rebuttal redirect examination. The defendant cannot complain of the admission of evidence which was invited by her. *People v. Jones* (1983), 119 Ill. App. 3d 615, 456 N.E.2d 926.

For the above reasons, we affirm the trial court.

Affirmed.

LUND and GREEN, JJ., concur.